IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARVIN GILBERT LEMANSKI,<br>        Petitioner, | §<br>§<br>§ | |
| v. | § | Civil Action No. 4:06-CV-888-A |
| | § | |
| NATHANIEL QUARTERMAN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institution Division,<br>        Respondent. | §<br>§<br>§<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Marvin Gilbert Lemanski, TDCJ # 1188499, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Lamesa, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

In June 2003, Lemanski was charged in a multicount indictment with aggravated assault of

an elderly woman. (Clerk's R. at 3.) On August 27, 2003, Lemanski entered an open plea of guilty to count two of the indictment, and the trial court assessed his punishment at thirty years' confinement. (*Id.* at 214.) The Second District Court of Appeals of Texas affirmed the trial court's judgment on July 22, 2004. *Lemanski v. Texas*, No. 2-03-347-CR, slip op. (Tex. App.–Fort Worth July 22, 2004, no pet.) (not designated for publication). Lemanski did not file a petition for discretionary review. (Petition at 3.)

On October 17, 2005, Lemanski filed an application for writ of habeas corpus in the state trial court challenging his conviction on one or more of the grounds presented herein, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court on November 29, 2006. *Ex parte Lemanski*, Application No. WR-65,732-01, at cover. (See state court's case information in *Ex parte Lemanski* available at http://www.cca.courts.state.tx.) Lemanski filed this federal petition on December 14, 2006. Quarterman has filed a motion to dismiss on limitations grounds, to which Lemanski has filed a reply.

### D.  ISSUES

Lemanski raises seven grounds for relief. (Petition at 7-8 & Insert.)

### E.  STATUTE OF LIMITATIONS

Quarterman argues that Lemanski's federal petition for writ of habeas corpus should be dismissed with prejudice because his petition is barred by the statute of limitations. (Resp't Answer at 5 -7.) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

2

>   (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.  For purposes of this provision, Lemanski's conviction became final upon expiration of the time that Lemanski had for filing a petition for discretionary review in the Texas Court of Criminal Appeals on August 21, 2004.  Thus, the federal limitations period began on August 22, 2004, and closed on August 22, 2005, absent any tolling.  *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).  The issuance of the mandate by a state court of appeals is of no consequence for purposes of determining the date on which the state court judgment became final under § 2244(d)(1)(A).  *See Roberts*, 319 F.3d at 694-95.

Lemanski is not entitled to statutory tolling under § 2244(d)(2).  His state habeas application,

3

filed after limitations had already expired, did not operate to toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has he demonstrated that he is entitled to tolling as a matter of equity, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

Lemanski's petition was due on or before August 22, 2005. Accordingly, his petition filed on December 14, 2006, is untimely.

## II. RECOMMENDATION

Quarterman's motion to dismiss should be GRANTED, and Lemanski's petition for writ of habeas corpus should be DISMISSED with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 14, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice,

4

from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until May 14, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 23, 2007.

    /s/   Charles Bleil  
CHARLES BLEIL  
UNITED STATES MAGISTRATE JUDGE