U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 22 2007

CLERK, U.S. DISTRICT COURT
By _____
            Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARVIN GILBERT LEMANSKI, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 4:06-CV-888-A |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Director, Texas Department | § | |
| of Criminal Justice, | § | |
| Correctional Institutions | § | |
| Division, | § | |
| | § | |
| Respondent. | § | |

O R D E R

Came on for consideration the above-captioned action wherein Marvin Gilbert Lemanski ("Lemanski") is petitioner and Nathaniel Quarterman, Director, Texas Department of Criminal Justice, Correctional Institutions Division ("Director"), is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On April 23, 2007, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation, and ordered that the parties file objections, if any, thereto by May 14, 2007. Lemanski timely filed objections to the magistrate judge's findings. Director did not file a response.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of those portions of the proposed findings or recommendations to which specific objection is made. <u>United States v. Raddatz</u>, 447 U.S. 667 (1980). The court need not

consider any nonspecific objections or any frivolous or conclusory objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

Lemanski filed his federal petition for writ of habeas corpus in this court on December 14, 2006, pursuant to 28 U.S.C. § 2254. The magistrate judge found that the applicable statute of limitations ran on Lemanski petition on August 22, 2005, and thus his petition should be dismissed as time-barred. Lemanski appears to object to this finding in stating that his state habeas petition was filed October 17, 2005, and was denied by the Texas Court of Criminal Appeals on November 29, 2006. However, the statute of limitations for filing a federal habeas petition pursuant to § 2254 starts to run on the date the state conviction becomes final. 28 U.S.C. § 2244(d)(1)(A); Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003). The statute of limitations for filing a federal habeas petition may be tolled during the pendency of a state habeas application. § 2244(d)(2). However, a state habeas application cannot extend the deadline for filing a § 2254 petition when the state application was filed after limitations provided by federal law have expired. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000). Here, Lemanski's state conviction became final on August 21, 2004, and the statute of limitations for filing his § 2254 petition ran on August 22, 2005. Lemanski did not file his state habeas application until September 29, 2005. Thus, Lemanski's federal petition filed

December 14, 2006, was untimely and should be dismissed as time-barred.

Therefore,

The court accepts the findings, conclusions and recommendation of the magistrate judge and ORDERS that the petition in this action be, and is hereby, dismissed with prejudice as time-barred.

SIGNED May 22, 2007.

_____
JOHN McBRYDE
United States District Judge